# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LYNDSAY RAE JOHNSON, | ) | CASE NO. 5:21-cv-01721 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant the Commissioner of Social Security (the "Commissioner") denied Plaintiff Lyndsay Rae Johnson's ("Plaintiff" or "Johnson") application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in the above captioned case. On September 3, 2021, Johnson sought judicial review of the Commissioner's decision. (ECF No. 1, Compl. at PageID # 1-2). On December 14, 2021, Plaintiff filed a brief on the merits asserting three errors: (1) the appointment of Andrew Saul as Commissioner of Social Security violated the separation of powers, rendering the decision by the Administrative Law Judge ("ALJ") constitutionally defective, (2) the ALJ failed to properly evaluate the totality of the evidence documenting limitations related to Johnson's impairments, and (3) the ALJ erred in her evaluation of Johnson's symptoms. (ECF No. 8, Pl.'s Br. at PageID #1034-1064). On February 28, 2022, the Commissioner filed a brief on the merits asserting that the ALJ properly concluded that Plaintiff was not disabled; the ALJ specifically stated that (1) Plaintiff could not show that an unconstitutional removal restriction affected the determination of her claim nor could she show harmful error in the ALJ's decision, (2) Plaintiff's subjective complaints cannot support a finding of disability and she did not show reversible error by the ALJ, and (3) Plaintiff has not shown medical or other evidence considered by the ALJ that warrants additional restrictions, nor has she presented medical or other evidence that her impairments caused additional limitations. (ECF No. 11, Def.'s Br. at PageID #1105-1137).

Plaintiff filed a reply brief on March 14, 2022.  (ECF No. 12, Pl.'s Reply Br. at PageID #1139-1147). Plaintiff argued (1) the ALJ failed to address Plaintiff's lethargy and significant daytime sleepiness amounting to harmful error, (2) that Plaintiff's treatment records supported her subjective complaints, thus providing evidence supporting serious limitation in her ability to independently, appropriately and effectively function in her ability to interact with others, concentrate, persist and maintain pace, and adapt or manage herself, (3) that the ALJ's deficiency in properly evaluating Plaintiff's pain as supported by objective medical testing necessitates remand of this matter, and (4) Plaintiff has standing to raise her constitutional claims. (Id.)

Pursuant to Local Rule 72.2(b)(1), the Court referred the case to Magistrate Judge Jonathan D. Greenberg ("Magistrate Judge" or "Judge Greenberg") to prepare a Report and Recommendation ("R&R").  Judge Greenberg submitted an R&R on April 14, 2022, recommending that the Court affirm the Commissioner's decision.  (ECF No. 13, R&R at PageID #1149-1181).  The R&R indicates that the Plaintiff did not show compensable harm and is not entitled to a remand.  (Id. at PageID #1170).  The R&R states that Plaintiff's argument that the Commissioner had no authority to carry out the functions of his office due to an unconstitutional removal restriction has been rejected by the United States Supreme Court.  As a result, Judge Greenberg concluded that the ALJ delegated by the Commissioner with the authority to decide Plaintiff's case cannot have issued a *per se* unconstitutional decision.  (Id. at PageID #1170-1171).

Plaintiff filed objections to the R&R on April 28, 2022.  (ECF No. 14, Pl.'s Obj. at PageID #1182-1184). Plaintiff's objections effectively rehash the arguments made in her prior briefing.  The Commissioner filed a response in opposition to Plaintiff's objections on May 13, 2022.  (ECF. No 16, Def.'s Resp. Br. at PageID #1188-1189).

When the Magistrate Judge's findings in the R&R are contested, the Court must conduct *de novo* review of the record to determine whether the findings are supported by the facts and applicable law.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). The Court will first address the constitutionality issue, then address the remaining findings in the R&R.

The Supreme Court has held that "the unlawfulness of [a] removal provision does not strip the Director of the power to undertake the other responsibilities of his office." *Collins v. Yellen*, 141 S.Ct. 1761, 1788, 210 L.Ed.2d 432, n. 23 (2021); *See, e.g., Seila Law, LLC v. Consumer Fin. Prot. Bureau*, 140 S.Ct. 2183, 2207–2211, 207 L.Ed.2d 494 (2020). Accordingly, the Court agrees with the Magistrate Judge that the ALJ's decision is not unconstitutional.

The R&R states that the ALJ did not err at step two of its evaluation when she found Plaintiff's narcolepsy not to be a severe impairment and did not mention Plaintiff's headaches. (ECF No. 13, R&R at PageID #1172). The ALJ found the Plaintiff had both severe and non-severe impairments and fairly considered them all. After consideration of all impairments, the ALJ's Residual Functional Capacity ("RFC") limitation was that Plaintiff should avoid dangerous moving machinery, unprotected heights, and commercial driving--due to Plaintiff's narcolepsy. (Id. at PageID #1172-1173).

The Sixth Circuit has found that when an ALJ finds both severe and non-severe impairments at step two and continues with subsequent steps in the sequential evaluation process, error, if any, at step two may not warrant reversal. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (the failure to find an impairment severe at step two is not reversible error when the ALJ continues through the remaining steps of the evaluation and can consider non-severe impairments when assessing an RFC.); *Anthony v. Astrue*, 266 Fed. App'x 451, 457 (6th Cir. 2008); *Hedges v. Comm'r of Soc. Sec.*, 725 Fed. App'x 394, 395 (6th Cir. 2018).

In evaluating the ALJ's finding as to Plaintiff's headaches, the Magistrate Judge considered evidence that in 2016, Plaintiff reported that her migraines were controlled by medication; in 2018, Plaintiff was prescribed medication for a migraine and thereafter reported that the medication helped. Finally, in 2020, Plaintiff reported that her migraines were rare. However, Plaintiff failed to cite any

evidence that she sought treatment for those migraines, nor did she report any disabling symptoms at the hearing, in her disability paperwork, or in the function report. (ECF No. 13, R&R at PageID #1173).

In evaluating the ALJ's finding as to Plaintiff's narcolepsy, the Magistrate Judge considered Plaintiff's records showing that her narcolepsy and insomnia are treated with Adderall and Ambien; that in March 2020, Plaintiff was sleeping better with pain management and Ambien at night; and that Plaintiff was choosing pain management medication over other treatment options for narcolepsy. Finally, April 2020 records showed Plaintiff's narcolepsy was not causing severe hypersomnia and was not a pressing issue to treat at that time. (Id. at PageID #1173-1174).

The R&R further asserts that the ALJ cited to and considered evidence in step three of her evaluation that Plaintiff only had moderate limitations. (Id. at PageID #1178). It states that Plaintiff's assertions to the contrary are without merit. (Id.). As Judge Greenberg indicated, the ALJ's decision clearly demonstrates that she considered evidence that Plaintiff complained of feelings of paranoia when leaving her home and isolation due to anxiety and social distancing during the COVID-19 pandemic. Further, the ALJ considered evidence that treatment for those symptoms have been moderate in nature. (Id. at PageID #1177). The ALJ also considered evidence that Plaintiff's complaints of compromised concentration only presented moderate limitations, as Adderall was effective in keeping Plaintiff alert for approximately four hours at a time. Plaintiff's records also show that she would forego her afternoon dose when experiencing increased anxiety, which affected the ability to mitigate her symptoms. However, Plaintiff still reported that she could help her children with schoolwork and perform household chores. (Id. at PageID #1177-1178). Accordingly, the Magistrate Judge agreed with the ALJ that Plaintiff had only moderate limitations, and this Court agrees.

The R&R states that Plaintiff waived her argument that the ALJ did not consider the effect of the combination of her impairments. (Id. at PageID #1179). Even if Plaintiff did not waive this argument, the Magistrate Judge explains, it lacks merit because Plaintiff simply makes an unspecific, unfounded,

and unsupported assertion. (Id. at PageID #1180). Moreover, the R&R finds that the ALJ fairly considered the entire record and that the ALJ is not required to discuss every piece of evidence in the record. (Id. at PageID #1181). This Court agrees. *Thacker v. Comm'r of Soc. Sec.*, 99 Fed. App'x 661, 665 (6th Cir. 2004) ("An ALJ need not discuss every piece of evidence in the record for his decision to stand.").

Finally, the R&R states that Plaintiff's argument that the ALJ did not properly evaluate her subjective reports of symptoms pursuant to SSR 16-3p is without merit. As stated in the R&R, the record clearly indicates that the ALJ considered Plaintiff's subjective reports of symptoms as well as objective medical evidence, treatment records, and Plaintiff's daily activities. (ECF No. 13, R&R at PageID #1180-81). Moreover, Plaintiff failed to cite what portion of SSR 16-3p the ALJ violated. (Id. at PageID #1181).

The Court finds, after *de novo* review of the entire record in this matter, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the Court adopts as its own Judge Greenberg's Report and Recommendation. The Court hereby affirms the Commissioner's decision.

IT IS SO ORDERED.

Dated: July 13, 2022

_____
CHARLES E. FLEMING
U.S. DISTRICT COURT JUDGE